**Mohamed S. BAH, Petitioner,**

v.

**Peter D. KEISLER, Attorney General,\* Respondent.**

**No. 06–5348–ag.**

United States Court of Appeals, Second Circuit.

Oct. 5, 2007.

---

\* Acting Attorney General Peter D. Keisler is substituted for former Attorney General Alberto R. Gonzales pursuant to Fed. R.App. P. 43(c)(2).

Matthew J. Harris, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Terri J. Scadron, Assistant Director; Benjamin J. Zeitlin, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Mohamed S. Bah seeks review of an October 20, 2006 order of the BIA dismissing his appeal from the April 13, 2005 decision of Immigration Judge ("IJ") Noel A. Brennan, which pretermitted his application for asylum, and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Mohamed S. Bah,* No. A95 168 454 (B.I.A. Oct. 20, 2006), *aff'g* No. A95 168 454 (Immig. Ct. N.Y. City Apr. 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we note that Bah has abandoned any challenge to the agency's finding that he failed to meet the burden for demonstrating that he met the one-year deadline for filing his asylum application and confines his appeal to the agency's denial of his withholding of removal and CAT claims. Accordingly, we deem any challenge to Bah's asylum claim waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

### I. Adverse Credibility Determination

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, [this Court] review[s] both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun-*

*Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Here, the IJ's adverse credibility finding was based, in part, on her finding that Bah submitted a fraudulent national identity card in support of his application. The submission of a fraudulent identification document in support of an asylum application alone may constitute substantial evidence in support of an adverse credibility finding. *See Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 157–58 (2d Cir.2006); *see also Siewe v. Gonzales,* 480 F.3d 160, 169–70 (2d Cir.2007). The IJ reasonably based her determination that Bah's national identity card was fraudulent on the testimony of an expert forensic document examiner. In an effort to rebut this expert testimony, Bah submitted several documents that purported to verify the authenticity of his national identity card. Because many of these documents relied on, among other things, the identity card in question and were impossible to authenticate, the agency reasonably concluded that Bah had failed to overcome the evidence of fraud. Accordingly, we find that the IJ's adverse credibility determination was supported by substantial evidence. *See Borovikova,* 435 F.3d at 157–58.

In addition to relying on Bah's fraudulent identity card in making her adverse credibility determination, the IJ found that Bah's demeanor indicated that he was not testifying in a credible manner. This Court gives particular deference to an IJ's assessment of demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir. 2005); *Zhou Yun Zhang,* 386 F.3d at 73–74. Furthermore, the IJ supported her adverse credibility finding with a material discrepancy in Bah's testimony surrounding the issuance of his birth certificate and national identity card. Specifically, the IJ noted that Bah testified several times that he had obtained a copy of his birth certificate in order to apply for his national identity card. He also repeatedly described submitting his birth certificate along with a picture to the office where he applied for his national identity card. However, the IJ found that this testimony was contradicted by the evidence in the record, noting that Bah could not have used his birth certificate that was issued in 1999 to obtain his identity card that purportedly was issued in 1997. When asked to explain this discrepancy, Bah did not provide a coherent explanation. When an explanation for inconsistent testimony is given, the agency need not credit such explanation unless a reasonable fact-finder would be compelled to do so. *See, e.g., Majidi,* 430 F.3d at 80–81. Accordingly the IJ's adverse credibility finding is further supported by both her demeanor assessment and discrepancy findings.

Because the only evidence of a likelihood that Bah would be persecuted or tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005); *cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85 (2d Cir.2004) (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context, where

the CAT claim did not turn upon credibility).

## II. Due Process Claim

Next, Bah argues that the IJ denied him due process by not permitting him to testify regarding the substance of his withholding of removal and CAT claims. We review the BIA's denial of Bah's due process claim *de novo*. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). Due process in the asylum context requires that an applicant receive a full and fair hearing that provides a meaningful opportunity to be heard. *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104–05 (2d Cir.2006). Bah has failed to identify specific testimony the IJ prevented him from providing, and how, in light of the IJ's reasonable adverse credibility finding, that testimony would have changed the outcome of his case. Moreover, at his hearing, Bah was provided ample opportunity to rebut each of the IJ's adverse credibility findings and was permitted to testify about other aspects of his claims. Therefore, as Bah was provided a meaningful opportunity to be heard at his hearing, he was not denied the process he was due. *See id.*

For the foregoing reasons, the petition for review is DENIED.